Benjamin C. Curcio, Esq.
Thomas J. Palma, Esq.
**CURCIO LAW LLC**
45 Park Street
Montclair, New Jersey 07042
(862) 406-2930
ben@curcio.law
tom@curcio.law
*Attorneys for Creditor Alyssa Foss*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | CASE NO.: 25-14981-CMG |
| | CHAPTER 13 |
| ROY D. CURIEL, | JUDGE: CHRISTINE M. GRAVELLE |
| | HEARING DATE: August 13, 2025 |
| Debtor. | |

### CERTIFICATION OF THOMAS J. PALMA, ESQ. IN SUPPORT OF MOTION FOR RELIEF OF AUTOMATIC STAY

I, **THOMAS J. PALMA**, of full age, hereby certifies and say:

1.      I am an Attorney at Law of the State of New Jersey and a partner at Curcio Law LLC, attorneys for creditor Alyssa Foss ("Creditor"). As such, I am fully familiar with the facts and circumstances of this matter and submit this Certification in support of Creditor's application for relief from the Automatic Stay.

2.      Annexed hereto as **Exhibit 1** is a true and correct copy of the Complaint filed by Creditor against Defendant/Debtor Roy D. Curiel ("Debtor") on February 23, 2022 in the New Jersey Superior Court Ocean County – Law Division, a civil action entitled *Alyssa Foss v. Roy Curiel*, bearing Docket No.: OCN-L-00275-23 (the "Civil Action").

3.      Creditor alleged causes of action for: Partition of Sale (First Count), Breach of
Contract (Second Count), Breach of the Implied Covenant of Fair Dealing (Third Count), (Breach
of Fiduciary Duty (Fourth Count), Unjust Enrichment (Fifth Count), Fraud in the Inducement
(Sixth Count), and Negligent Misrepresentation (Seventh Count). (**Ex. 1**).

4.      Creditor is the joint owner as a tenant in common with Debtor Roy D. Curiel of the
property commonly known as 267 Alameda Drive located in the Township of Brick, County of
Ocean, Lot 4, Block 210D-9 ("267 Alameda" or the "Property").

5.      Creditor brought suit against the Debtor to recover, among other things, the loss of
her investment monies in the property and default of a separate promissory note arising from the
relationship between the Creditor and Debtor executed in the Creditor's favor.

6.      Pursuant the agreement between the parties, in or around January 2018 Creditor
provided $155,000 as the full purchase money for 267 Alameda in exchange for Defendant's
promise to pay for all the taxes, utilities, insurance, materials, and labor to make improvements to
the Property.

7.      Creditor also loaned Debtor $145,000 memorialized by a promissory note in favor
of Creditor.

8.      Among other things, Defendant failed to pay taxes in connection with the Property
as promised. As such, the Property is burdened with significant tax liens and threatened by a tax
foreclosure proceeding by the tax certificate holder.

9.       Debtor also defaulted on his obligation under the promissory note.

10.     On August 30, 2024, The Superior Court of New Jersey Ocean County granting
Partial Summary Judgment and entered an Order for judgment against Debtor,  with respect to the

Promissory Note in the amount of $190,943.36, plus attorney fees. (A true and correct copy of the August 30, 2024 Order is annexed hereto as **Exhibit 2**.)

11.     On October 29, 2024, Creditor filed an Order to Show Cause seeking Partition by Sale and Summary Judgment.

12.     Debtor adjourned the hearing for the pending motion several times.

13.     On April 16, 2025, The Superior Court of New Jersey Ocean County granting Creditor's application for Partition By Sale and Summary Judgment regarding the Property. (A true and correct copy of the April 16, 2025 Order is annexed hereto as **Exhibit 3**.)

14.     Among other things, the Order compels the sale of the Property with proceeds of the sale to be held in escrow until further Order of the Court. (**Ex. 3**.)

15.      On April 8, 2025, Debtor filed his Chapter 13 Voluntary Petition. [Doc. No. 1]

16.      Debtor has recently filed for bankruptcy  in or around March 10, 2023, Case No. 23-11975-CMG. That matter was dismissed on October 5, 2023 by this Court  for (i) failure to file a  feasible plan (ii) lack of prosecution, and (iii) failure to resolve Trustee and/or creditor objection. (A true and correct copy of October 5, 2023 Order of Dismissal is annexed hereto as **Exhibit 4**) [Case 23-11975-CMG, Doc 27].

17.     Creditor seeks relief from the automative stay for good cause and submits (i) Debtor will have no remaining equity in the property after the sale as order by the New Jersey Superior Court, (ii) that the imposition of the stay is unduly prejudicial where Creditor has already litigated for years to obtain a Court order to sell the Property; and (iii) Debtor is plainly abusing the protections of the automatic stay in bad faith to delay the Court Ordered sale of the Property to unlawfully continue to stay in possession of Property—"rent-free"—after ousting the joint owner Creditor since in or around 2019.

3

18.     When a party in interest requests that the Bankruptcy Court vacate or modify the

Automatic Stay to permit litigation to proceed in another forum, the Bankruptcy Court is guided

by the factors enumerated in *In re Mid-Atlantic Handling Sys., LLC*, 304 B.R. 111 (Bankr. D.N.J.

2003) and *In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990), which are as follows:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the
cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) ***whether litigation in another forum would prejudice the interests of other creditors***;

(8) whether the judgment claim arising from the other action is subject to equitable
subordination;

(9) whether moving party's success in the other proceeding would result in a judicial lien
avoidable by the debtor;

(10)     ***the interests of judicial economy and the expeditious and economical resolution
of litigation;***

(11)     ***whether the parties are ready for trial in the other proceeding; and***

(12)     ***impact of the stay on the parties and the balance of harms.***


*Ledgemont Int'l Medial Holdings LLC v. Barksdale (In re Barksdale),* Adv. Pro. No. 13-2024 (VFP), 2015

WL 9700952, at *3-4 (Bankr. D.N.J. Nov. 10, 2015) (Papalia, J.) (citations omitted)(emphasis added).

19.     The ultimate burden of persuasion rests with any objecting party to demonstrate an absence of "cause." See Sakhrani, 2006 WL 4452828, at *1 (citing *In re Telegroup, Inc*., 237 B.R. 87, 91 (Bankr. D.N.J. 1999)); cf. 11 U.S.C. § 362(g)(2) (party opposing stay relief has burden of proof on all issues other than debtor's equity in subject property).

20.     Here, Creditor submits factors Seven, Ten, Eleven and Twelve (above) weigh heavily in favor in lifting the stay. The Court Ordered sale of the Property does not prejudice any other creditors. Indeed, the sale would liquidate the Debtor's asset to assist the bankruptcy estate, to the extent Debtor has any equity interest remaining in the Property. Plaintiff/Creditor has been substantially harmed by Debtor's bad faith and fraudulent behavior. After years of litigation, Plaintiff/Creditor has obtained judgments against Defendant/Debtor and the Court Order sale of the jointly owned Property. Continued delay of the resolution of the Creditor/Plaintiffs' claims against Defendant/Debtor through abuse of the automatic stay should not be countenance by this Court.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: Montclair, New Jersey
        July 23, 2025

                                        By: */s/ Thomas J. Palma*
                                        Thomas J. Palma

# EXHIBIT 1

**CURCIO MIRZAIAN SIROT LLC**
Benjamin C. Curcio, Esq.
Attorney No.: 032121998
5 Becker Farm Road, Suite 406
Roseland, New Jersey 07068
(973) 226-4534
Attorneys for Plaintiff,
Alyssa Foss

| | |
|---|---|
| ALYSSA FOSS,<br><br>               Plaintiff,<br><br>     vs.<br><br>ROY D. CURIEL,<br><br>               Defendant. | SUPERIOR COURT OF NEW JERSEY<br>MONMOUTH COUNTY: LAW DIVISION<br><br><br>DOCKET NO.: MON-L-<br><br>       Civil Action<br><br>      **COMPLAINT** |

      Plaintiff Alyssa Foss, by and through her counsel, Curcio Mirzaian Sirot LLC, by way of this Complaint against the above-named defendants, respectfully allege as follows:

## <u>NATURE OF THE ACTION</u>

      1.    Defendant has used Plaintiff as his personal piggy bank to fund his extravagant lifestyle.  This is an action to recover damages resulting from, inter alia, Defendant's fraud, deceit and breach of joint venture agreement.

      2.    Plaintiff herein demands the partition and sale of certain real property located at

267 Alameda Drive, Brick Township, New Jersey 08723 (the "Premises"), owned by Plaintiff and Defendant.  Plaintiff purchased the Premises as a joint venture with Defendant to improve the Premises and then sell it, for investment purposes.  In exchange for Plaintiff's purchase of the Premises, Defendant promised that he would perform necessary work to prepare the Premises for sale, as well as pay any and all taxes and carrying costs associated with the Premises.  Defendant has failed and refused to uphold his end of the joint venture.  He has performed the promised renovations at the Premises, but now refuses to vacate and sell the Premises, as the parties agreed before the purchase of the Premises.  Apparently, Defendant, who maintains a place of permanent residency in Clifton, New Jersey, thinks it is appropriate for him to keep the Premises as his "shore house" and keep his several boats in the dock at the Premises. Defendant further failed to make any municipal tax payments for the Premises since 2019 and has failed to pay the Brick sewer and water fees since September of 2020.  As such the property now subject to a tax sale certificate and is in danger of accumulating liens as the unpaid taxes and fees are to be auctioned off at Brick Township's Tax Sale.

3.      In addition to the issue with the Premises, Defendant stole $145,000 from Plaintiff by means of theft and deception.  In or about June 2018, Defendant convinced Plaintiff to loan him $145,000.  Plaintiff and Defendant executed Promissory Note dated June 8, 2018, wherein Defendant agreed to repay the monies loaned by way of monthly payments. Despite due demand, Defendant has failed and refused to timely make the monthly payments on the Promissory Note and is in default.  Instead of paying off the Promissory Note, Defendant paid the college tuition for his son at Rowan University.  As per the terms of the Promissory Note, upon default, the full amount of principal and interest is now due. Plaintiff seeks this sum from Defendant in this action.

### THE PARTIES

4.     Plaintiff Alyssa Foss ("Plaintiff") is an individual who resides at 14 Chesterfield Road, Parsippany, New Jersey 07054.

5.     Defendant Roy D. Curiel ("Defendant") is an induvial who, upon information and belief, resides at 267 Alameda Drive, Brick, New Jersey 08723.

### JURISDICTION AND VENUE

6.     Jurisdiction and Venue are proper in Monmouth County, New Jersey because the subject premises is located in Monmouth County, New Jersey.

### FACTS COMMON TO ALL COUNTS

I.     **The Parties' Purchase of the Premises as an Investment Property**

7.     In or around January 3, 2018, Plaintiff and Defendant purchased the Premises as an investment property to renovate and resell.

8.     Plaintiff provided all the money necessary to purchase the property and Defendant promised to perform renovations to the property, as well as pay any taxes or fees associated with the property.

9.     Defendant has failed to perform the majority of the required renovations and now refuses to vacate the Premises so that the parties may sell the premises.

10.     Additionally, Defendant has failed to pay the taxes associated with the Premises.

11.     As such, the Premises' unpaid taxes were auctioned and purchased at Brick Township's Tax Sale thus creating a lien on the Premises. A true and accurate copy of the Tax Sale Certificate is attached hereto as **Exhibit A**.

12.     Moreover, the additional unpaid taxes on the Premises are, upon information and belief, set to be auctioned in the upcoming Brick Township's Tax sale.

3

13.     Defendant has also failed to pay the water and sewer fees associated with the municipality and those unpaid balances are also set to be auctioned an upcoming Brick Township Tax Sale.

14.     Without the immediate intervention of the Court, Defendant's self-dealing and improper actions will continue to financially burden Plaintiff and prohibit her from realizing the benefit of the joint venture.

**II.     $145,000 Loan and Promissory Note**

15.     Plaintiff convinced Defendant to loan him $145,000 in or about June 2018.  The parties went to an attorney, Kristen E. Johnson Esq., who drew up a Promissory Note, a true and accurate copy of which is annexed as **Exhibit B**.

16.     The parties signed the Promissory Note on June 8, 2018, and Plaintiff duly paid to Defendant the sum of $145,000 by way of M&T Bank Check that same day. **See Exhibit B** at 2.

17.     Defendant has failed and refused to make timely monthly payments on the Promissory Note and as a result Defendant is in Default, as per the terms of Promissory Note.

18.     Accordingly, all principal and interest are now due and payable from Defendant to Plaintiff.

**FIRST COUNT**
**(Partition by Sale, N.J.S.A. 2A:56)**

19.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

20.     Plaintiff and Defendant are the owners of the Premises.

21.     Plaintiff provided the funding for the purchase of the Premises, upon the agreement that Defendant would fix up the Premises in a prompt manner, otherwise maintain it and ready it for sale.

22.     The parties agreed that the Premises was an investment property and that upon sale, and pursuant to their joint venture agreement, the joint venturers would split the sale proceeds fifty-fifty.

23.     Upon completion of the renovations at the Premises, Plaintiff duly demanded that Defendant vacate the Premises and sell them, as per the parties' agreement.

24.     Defendant failed and refused to do so.  Instead, Plaintiff utilized the Premises as his summer "Shore House" and instead of paying the taxes and carrying costs, as agreed upon, purchased and otherwise maintained his various "toys" such as the following boats and vehicles:













25.     Defendant, upon information and belief, does not maintain a career, job or steady income.  Accordingly, he has failed to pay the taxes and other costs associated with the Premises, such that the Premise are subject to tax sale foreclosure.

26.     This is not only a breach of the joint venture agreement, but more importantly subjects the Premises to sale.

27.     Defendant's unwillingness and/or inability to meet the payment obligations associated with the Premises (i.e. property taxes, water and sewer fees) and make those payments contained in the Promissory Note evidences the appropriateness of this Court's order of Partition by Sale.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

A.     Compelling Defendant to immediately vacate the Premises;

B.     Compelling Sale of the Premises;

C.     Compelling partition of the Premises;

D.     Restraining Defendant from interfering with the sale of the Premises;

E.     For damages, including but not limited to compensatory, consequential and incidental damages;

F.      Reasonable attorney's fees;

G.     Costs of suit; and

H.     Granting any other relief that this Court deems just and equitable.

## <u>SECOND COUNT</u>
### (Breach of Contract)

28.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

29.     Plaintiff and Defendant entered into an agreement as partners in a joint venture for

the purchase, renovation and sale of the Premises.

30.     Plaintiff and Defendant further entered into a loan agreement evidenced by the Promissory Note.

31.     Plaintiff duly performed her obligations relative to the Premises, by providing the money for its purchase, and relative to the Promissory Note, by providing the money for the loan.

32.     Defendant breached both agreements by failing and refusing to properly maintain and otherwise agree to sell the Premises and by failing and refusing to make payments on the Promissory Note.

33.     The above-referenced actions constitute a breach of these agreements.

34.     As a direct and proximate result of Defendant's conduct and as set forth more fully above, Defendant breached the agreement and Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

A.     Compelling Defendant to immediately vacate the Premises;

B.     Compelling sale and partition of the Premises;

C.     Restraining Defendant from interfering with the sale of the Premises;

D.     For damages, including but not limited to compensatory, consequential and incidental damages;

E.     Reasonable attorney's fees;

F.     Costs of suit; and

G.     Granting any other relief that this Court deems just and equitable.

### THIRD COUNT
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

35.     Plaintiff repeats and realleges each and every allegation set forth above as if set

forth at length herein.

36.     Implied in each agreement in New Jersey is a covenant of good faith and fair dealing, such that one party shall not take action to harm the other party.

37.     By reason of the aforementioned conduct, Defendant breached the implied covenant of good faith and fair dealing with respect to the parties' agreement.

38.     As a consequence, Plaintiff weas wrongfully deprived of the fruits and benefits of its bargain with Defendant, and Plaintiff have been and will continue to be severely damaged as a result.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

A.     Compelling Defendant to immediately vacate the Premises;

B.     Compelling sale and partition of the Premises;

C.     Restraining Defendant from interfering with the sale of the Premises;

D.     For damages, including but not limited to compensatory, consequential and incidental damages;

E.     Reasonable attorney's fees;

F.     Costs of suit; and

G.     Granting any other relief that this Court deems just and equitable.

## FOURTH COUNT
### (Breach of Fiduciary Duty)

39.     Plaintiff repeat and reallege each and every allegation set forth above as if set forth at length herein.

40.     Defendant owed a duty of loyalty and other fiduciary duties to Plaintiff.

41.     The above-cited actions constitute a breach of these fiduciary duties owed to the Plaintiff.

42.     As a direct and proximate result of Defendant's conduct and as set forth more fully above, Defendant has damaged the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

A.     Compelling Defendant to immediately vacate the Premises;

B.     Compelling sale and partition of the Premises;

C.     Restraining Defendant from interfering with the sale of the Premises;

D.     For damages, including but not limited to compensatory, consequential and incidental damages;

E.     Reasonable attorney's fees;

F.     Costs of suit; and

G.     Granting any other relief that this Court deems just and equitable.

## FIFTH COUNT
### (Unjust Enrichment)

43.     Plaintiff repeat and reallege each and every allegation set forth above as if set forth at length herein.

44.     Plaintiff duly performed her obligations relative to the Premises, by providing the money for its purchase, and relative to the Promissory Note, by providing the money for the loan.

45.     Defendant breached both agreements by failing and refusing to properly maintain and otherwise agree to sell the Premises and by failing and refusing to make payments on the Promissory Note.

46.     Defendant wrongfully refuses to vacate the premises and has not performed the renovations as originally promised.

47.     It would be inequitable and unjust to allow Defendant to remain at the premises for which he has no legal right and when he continues to default on his payment obligations under the

Promissory Note and in connection with payments required to maintain the Premises.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

     A.     Compelling Defendant to immediately vacate the Premises;

     B.     Compelling sale and partition of the Premises;

     C.     Restraining Defendant from interfering with the sale of the Premises;

     D.     For damages, including but not limited to compensatory, consequential and incidental damages;

     E.     Reasonable attorney's fees;

     F.     Costs of suit; and

     G.     Granting any other relief that this Court deems just and equitable.

**SIXTH COUNT**
**(Fraud in the Inducement)**

48.     Plaintiff repeat and reallege each and every allegation set forth above as if set forth at length herein.

49.     At all times relevant hereto, Defendant represented to Plaintiff that they would comply with the terms of the joint venture agreement.

50.     Defendant represented that he would comply with and faithfully undertake and perform all of his obligations, duties and responsibilities as promised.

51.     Defendant's misrepresentations were made in bad faith and Defendant knew or should have known that the representations were false when made.

52.     Plaintiff relied upon the foregoing misrepresentations of Defendant by entering into the aforementioned agreement with Defendant.

53.     As a result of Defendant's fraud, Plaintiff has suffered and continue to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

A.      Compelling Defendant to immediately vacate the Premises;

B.      Compelling sale and partition of the Premises;

C.      Restraining Defendant from interfering with the sale of the Premises;

D.      For damages, including but not limited to compensatory, consequential and incidental damages;

E.      Reasonable attorney's fees;

F.      Costs of suit; and

G.      Granting any other relief that this Court deems just and equitable.

**SEVENTH COUNT**
**(Negligent Misrepresentation)**

54.      Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

55.      At all times relevant hereto, Defendant negligently represented to Plaintiff that he would comply with the terms of the joint venture agreement.

56.      Defendant represented that he would comply with and faithfully undertake and perform all of his obligations, duties and responsibilities as promised.

57.      Defendant's misrepresentations were made negligently, and Defendant knew or should have known that the representations were false when made.

58.      Plaintiff relied upon the foregoing negligent misrepresentations of Defendant by entering into the aforementioned agreement with Defendant.

59.      As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

A.     Compelling Defendant to immediately vacate the Premises;

B.     Compelling sale and partition of the Premises;

C.     Restraining Defendant from interfering with the sale of the Premises;

D.     For damages, including but not limited to compensatory, consequential and

incidental damages;

E.     Reasonable attorney's fees;

F.     Costs of suit; and

G.     Granting any other relief that this Court deems just and equitable.


**CURCIO MIRZAIAN SIROT LLC**
Attorneys for Plaintiff,
Alyssa Foss


By: */s/ Benjamin C. Curcio*
Benjamin C. Curcio
Dated:   February 22, 2022


## CERTIFICATION PURSUANT TO R.4:5-1

I hereby certify, pursuant to R. 4:5-1, that the matter in controversy is not, to the best of

my knowledge, information, and belief, the subject of any other action pending in any Court or

pending arbitration proceeding. I further certify that no other Court action or arbitration is

contemplated by defendants herein and that no other person, party or claim should be joined as a

party to this action at the present time.

*/s/ Benjamin C. Curcio*
Benjamin C. Curcio
Dated:   February 22, 2022

## DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>R</u>. 4:25-4, Benjamin C. Curcio, Esq., is hereby designated as trial counsel on behalf of Plaintiff in the within matter.

**CURCIO MIRZAIAN SIROT LLC**
Attorneys for Plaintiff,
Alyssa Foss

Dated:   February 22, 2022

By: */s/ Benjamin C. Curcio*
Benjamin C. Curcio

## CERTIFICATION PURSUANT TO R. 1:38-7(c)

I certify that confidential identifies have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

*/s/ Benjamin C. Curcio*
Benjamin C. Curcio

Dated:   February 22, 2022

# EXHIBIT A

**OCEAN COUNTY CLERK'S OFFICE
RECORDING DOCUMENT
COVER SHEET**

**SCOTT M. COLABELLA
OCEAN COUNTY CLERK**
P.O. BOX 2191
TOMS RIVER, NJ 08754-2191
(732) 929-2110
www.oceancountyclerk.com

INSTR # 2019055352
OR BK 17501 PG 1216
RECORDED 06/13/2019 08:37:35 AM
SCOTT M. COLABELLA, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY

OFFICIAL USE ONLY

DATE OF DOCUMENT: ( Enter Date as follows:00/00/0000)

**03/26/2019**

TYPE OF DOCUMENT:   (Select Doc Type from Drop-Down Box)

**TAX SALE CERTIFICATE**

OFFICIAL USE ONLY - REALTY TRANSFER FEE

FIRST PARTY NAME: (Enter Last Name, First Name)

CURIEL, ROY D & FOSS, ALYSSA

SECOND PARTY NAME: (Enter Last Name, First Name)

DAXUAN WANG

ALL ADDITIONAL PARTIES: (Enter Last Name, First Name)

RETURN NAME AND ADDRESS:

DAXUAN WANG
11 WALNUT STREET
LIVINGSTON, NJ 07039

| THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY | |
|---|---|
| BLOCK: 210.19 | LOT: 4 |
| MUNICIPALITY: (Select Municipality from Drop-Down Box)   **BRICK** | |
| CONSIDERATION: | |

MAILING ADDRESS OF GRANTEE: (Enter Street Address, Town, State, Zip Code)

Street Address **11 WALNUT STREET**   Town **LIVINGSTON**   State **NJ**   Zip **07039**

THE FOLLOWING SECTION IS FOR
ORIGINAL MORTGAGE BOOKING & PAGING INFORMATION FOR ASSIGNMENTS, RELEASES,
SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY

| ORIGINAL BOOK: | ORIGINAL PAGE: |
|---|---|

**OCEAN COUNTY CLERK'S OFFICE RECORDING DOCUMENT COVER SHEET**

Please do not detach this page from the original document as it
contains important recording information and is part of the permanent record.

REC 6-13-19

# CERTIFICATE OF SALE

### FOR UNPAID MUNICIPAL LIENS

**CERTIFICATE**
2019-0029

**No.**

I, JO ANNE R. LAMBUSTA TOWNSHIP of BRICK, COLLECTOR OF TAXES of the taxing district of the in the COUNTY of OCEAN and State of New Jersey, do hereby certify that on the 26TH day of MARCH 2019 at a public sale of lands for delinquent municipal liens, pursuant to the Revised Statutes of New Jersey, 1937, Title 54, Chapter 5, and the amendments and supplements thereto I sold to DAXUAN WANG

whose address is 11 WALNUT STREET LIVINGSTON, NJ 07039

for SIX THOUSAND THREE HUNDRED THIRTEEN dollars and 16/100 cents, the land in said taxing district described as Block No. 210.19 Lot No. 08723 4 and known as 267 ALAMEDA DR. BRICK, NJ , on the tax duplicate thereof and assessed thereon to CURIEL, ROY D & FOSS, ALYSSA

## THE AMOUNT OF THE SALE WAS MADE UP OF THE FOLLOWING ITEMS:

| | | | TOTAL |
|---|---|---|---|
| **Taxes For:** 2018 Taxes | 5685.49 | 527.67 | 6213.16 |

| | | |
|---|---|---|
| **Assessments For Improvements** | Cost of Sale: | 100.00 |
| | Certified Fee: | 0.00 |
| | **Total:** | 6313.16 |
| Tax Account: 103723 | Premium: | 24000.00 |
| Additional Lots: | | |

Said sale is subject to redemption on repayment of the amount of sale, together with interest at the rate of 0.00 per centum per annum from the date of sale, and the costs incurred by the purchaser as defined by statute. The sale is subject to municipal charges accruing after DECEMBER 31ST 2018 , , and assessment municipal authority charges accruing after DECEMBER 31ST 2018 , and assessment installments not yet due, amounting to dollars and interest thereon.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 26TH day of MARCH 2019

STATE OF NEW JERSEY
COUNTY OF: OCEAN

**SEAL**

JO ANNE R. LAMBUSTA , COLLECTOR OF TAXES

BE IT REMEMBERED, that on this 26TH day of MARCH 2019 before me a Notary: of New Jersey, personally appeared JO ANNE R. LAMBUSTA the Collector of Taxes of the taxing district of BRICK in the County of OCEAN who, I am satisfied, is the individual described herein, and who executed the above Certificate of Sale; and I having made known to him the contents thereof, he thereupon acknowledged to me that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

Prepared By: _____ , PREPARER

KATHLEEN MARIE GRAHAM , NOTARY PUBLIC

NOTE: NJSA 46:15-3 requires that all signatures appearing on the certificate, those of the collector, the Notary Public who takes this acknowledgement, and the preparer shall be printed, typed or stamped underneath such signature the name of the person that signed.

DLGS Rev. 10/99


Record/Return to:
Daxuan Wang
11 Walnut Street
Livingston, NJ 07039

KATHLEEN MARIE GRAHAM
Notary Public of New Jersey
My Commission Expires May 16, 2019

MGL PRINTING SOLUTIONS   TC82

Book17501/Page1217

# EXHIBIT B

# PROMISSORY  NOTE

This  Note is made on June 8, 2018,

**By and Between,** the Borrower(s), **Roy Curiel**, whose address is **406 Philadelphia Avenue, Point Pleasant Beach, NJ 08742**, referred to herein as "I";

**And** the Lender, **Alyssa Foss**  whose address is **14 Chesterfield Road, Parsippany, NJ 07054** referred to herein as the "Lender".

(If more than one borrower signs this note, the word "I" shall mean each Borrower named above. The word "Lender" means the original lender and anyone else who takes this note by transfer.)

**Borrower's Promise to Pay Principal and Interest.** In return for a loan that I have received, I promise to pay **$145,000.00** (called the Principal), plus interest to the order of the Lender. Interest at an annual rate of **2%** will be charged on that part of the principal which has not been paid from the date of this note until all principal has been paid.

**Payments:** I will make principal and interest payments based upon 30  year payment schedule with monthly payments of **$n/a** beginning on **n/a** and on a like date of each month thereafter, until paid in full. I will pay all amounts due under this note no later than **June 8, 2033.** All payments will be paid to the Lender at the address shown above, or to a different place if required by the Lender.

**Early Payments.** I have the right to make payments at any time before they are due. These early payments mean that this note will be paid in less time. However, unless I pay this note in full, my monthly payments will remain the same.

**Late Charge For overdue Payments.** If the Lender has not received any payment within ten (10) days after its due date, I will pay the Lender a late charge of five percent (5%) of the payment. This charge will be paid with the late payment.

**Default.** If I fail to make any payment required by this Note within thirty (30) days after its due date, or if I fail to keep any other promise I make in this Note, the Lender may declare that I am in default. Upon default, I must immediately pay the full amount of all unpaid principal, interest, or other amounts due on  this Note, together with the Lender's costs of collection and reasonable attorney fees.  The Borrower shall make all tax and insurance payments in connection with the Property located at 406 Philadelphia Avenue, Point Pleasant Beach, NJ 08742.  Failure to make the tax payments shall constitute a default under this Note.

**Waivers.** I give up my right to require that the Lender do the following: (a) to demand payment (called "presentment"); (b) to notify me of nonpayment (called "notice of dishonor"); and (c) to obtain an official certified statement showing nonpayment (called a "protest"). The Lender may exercise any right under this Note,  or under any law, even if the Lender has delayed in exercising that right or has agreed in an earlier instance not to exercise that right. The Lender does not waive its rights to declare that I am in default by making payments or incurring expenses on my behalf.

**Each Person Liable.** The Lender may enforce any of the provisions of this Note against any one or more of the Borrowers.

**No Oral Changes.** This note can be changed only by an agreement in writing signed by both the Borrower(s) and the Lender.

**Signatures. I agree to the terms of this Note.** If the Borrower is a corporation, its proper corporate officers sign and its corporate seal is affixed.

_____                    _____
Witness                                            **Roy Curiel**

---

Notice to Purchaser - In the event that this check is lost, misplaced or stolen, a sworn statement and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days.

## Cashier's Check - Customer Copy

No. 1487002615

Void After 90 Days          30-1/1140
                            NTX

Date 06/08/18 04:04:31 PM

POINT PLEASANT BEACH
0003        0090334        0113

Pay    **BANK OF AMERICA** **145000 00** ONE FOUR FIVE ZERO ZERO ZERO CTS CTS          **\*\*$145,000.00\*\***

**One Hundred Forty Five Thousand and 00/100 Dollars**

To The
Order Of    M&T BANK
            0090681149                            **Not-Negotiable**
                                                 Customer Copy
                                                 Retain for your Records
Remitter (Purchased By):  ALYSSA A FOSS
                                                      001641006097

Bank of America, N.A.
SAN ANTONIO, TX

00-53-3364B    11-2010

# EXHIBIT 4

**CURCIO LAW LLC**
Benjamin C. Curcio, Esq. (032121998)
Thomas J. Palma, Esq. (243832017)
28 Valley Road, Suite 1
Montclair, New Jersey 07042
(862) 406-2932
Attorneys for Plaintiff,
Alyssa Foss

| | |
|---|---|
| ALYSSA FOSS, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | OCEAN COUNTY: LAW DIVISION |
| v. | DOCKET NO.: OCN-L-000275-23 |
| ROY D. CURIEL, | CIVIL ACTION |
| Defendant. | **ORDER GRANTING PLAINTIFF'S MOTION PARTIAL FOR SUMMARY JUDGMENT** |

      **THIS MATTER** having been opened to the Court by way of Plaintiff's Motion for Summary Judgment, and the Court having considered the parties' submissions, and FOR REASONS THAT FOLLOW:

      **IT IS** on this 30TH Day of August 2024, **ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment is hereby GRANTED.

2. **IT IS FURTHER ORDERED** that a judgment in the amount of **$190,943.36** is Entered against the Defendant representing the principal amount with interest due and owing without attorneys' fees under the June 8, 2018, Promissory Note executed by Defendant in favor of Plaintiff.

3. **IT IS FURTHER ORDERED** that Plaintiff shall submit an affidavit for service with

   regard to legal fees incurred in connection with collection on the June 8, 2018, Promissory

   Note to be included in final Order of Judgment.

4. **IT IS FURTHER ORDERED** that Defendant's motion to  compelled the sale of 267

   Alameda to a third-party at fair market value  is denied without prejudice and  is hereby

   transferred to the Superior Court, Ocean County, Chancery Division, which has the

   appropriate subject matter jurisdiction

/s/ James Den Uyl

_____

Hon. James Den Uyl, J.S.C.

STATEMENT OF REASONS

This matter arises out of the purchase of real property by the Plaintiff Alyssa Foss and Defendant Roy Curiel as joint owners as tenants in common. Plaintiff provided $155,000 to purchase the property in exchange for Defendants promise to pay all the taxes, utilities, insurance, materials, and labor to make improvements to the Property.

Plaintiff asserts they purchased the property at 267 Alameda Drive, Brick, New Jersey (the Property), as an investment property, with the intention to sell it for a profit within six months. Plaintiff and Defendant agreed to split the profits of the home 50/50 after Plaintiff was reimbursed the full amount of her $155,000 contribution. On January 3, 2018, the parties closed on the property. Plaintiff alleges Defendant

failed to make any improvements to the property, failed to pay the taxes on the property, and failed to pay the utilities on the property. The home was not ready to be sold within 6 months and the Parties still are the owners of the home. Plaintiff filed her complaint with causes of action for Partial of Sale, Breach of Contract, Breach of the Implied Covenant of Fair Dealing, (Breach of Fiduciary Duty, Unjust Enrichment, Fraud in the Inducement, and Negligent Misrepresentation.

Plaintiff seeks summary judgment as to the equitable and statutory remedy of a partition sale regarding the property and an order for money damages in connection with the outstanding amount owed on a separate promissory note executed by Defendant. Plaintiff argues she is entitled, as a matter of law as a tenant in common, Plaintiff has the right to a partition of sale of the property.  Plaintiff states those who have engaged in a joint venture to purchase property are entitled to seek a partition when their joint enterprise comes to an end.

In addition, Plaintiff further argues as a matter of law she is entitled to payment under a June 8, 2018, promissory note for $145,000. wherein Mr. Curiel agreed to pay interest at an annual rate of 2% with all amount dues under the note no later than June 8, 2033. The note required Defendant to make all tax and insurance payments in connection with his property located

at 406 Philadelphia Ave. Point Pleasant Beach. He did not and was therefor in default under the terms of the note and responsible for the full amount of the unpaid balance and the cost of collection.

Defendant opposes Plaintiffs motion for summary judgment and seeks summary judgment. Defendant states the genesis of the issues between the two parties arise from the previous romantic relationship not a business relationship. Defendant agrees there should be a partition of the property and offers to buy out Plaintiff at the FMV of $415,000 within 30 days. Defendant argues there is an issue with the reimbursement because the parties never agreed to have Plaintiff make back her investment and then split the proceeds 50/50. Defendant argues the provisions of the deed should control. Defendant argues all claims about the promissory note should be dismissed because the note is not in default. Defendant argues the terms of the promissory note are clear and the parties did not require monthly payments.

HOLDING

On a motion for Summary Judgment, the moving party must sustain the burden of showing clearly that there is no genuine issue of material fact in the case, and that he/she is entitled to judgment as a matter of law.

4

A genuine issue of material fact must be a disputed issue of fact that is of a substantial nature, having substance and real existence.  In addition, the court must consider whether the competent evidential materials presented, when viewed in light most favorable to the non-moving party in consideration of applicable evidentiary standards, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party.  Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 523 (1995).

The key in this analysis is for the motion judge to determine whether there is sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.  Brill, 142 N.J. at 533. Additionally, the New Jersey Supreme Court has held that a non-moving party cannot defeat a motion for summary judgment "merely by pointing to any fact in dispute." Brill, 142 N.J. at 529.

Here, Plaintiff has met the burden of demonstrating there is no genuine issue of material fact and entitled to summary judgment on Defendant default under the note.

The sale and terms of sale of 267 Alameda Drive, Brick, is equitable relief appropriately considered in Chancery under Rule 4:3-1.

# EXHIBIT 5

PREPARED BY THE COURT

| | |
|---|---|
| ALYSSA FOSS,<br><br>           Plaintiff,<br><br>    v.<br><br>ROY D. CURIEL,<br><br><br>        Defendant. | SUPERIOR COURT OF NEW JERSEY<br>OCEAN COUNTY: CHANCERY DIVISION<br><br>DOCKET NO.: OCN-C-148-24<br><br>CIVIL ACTION<br><br><br>**ORDER** |

**THIS MATTER** having been opened to the Court by Curcio Law LLC, attorneys for plaintiff Alyssa Foss ("Plaintiff") by way of application for an Order to Show Cause Seeking Partition By Sale and Summary Judgment pursuant to R. 4:52 and R. 4:46-1 and R. 4:63-1; and the Court having considered the Certifications of the Parties annexed to the Certification of Counsel, the Statement of Undisputed Material Facts, and Memorandum of Law submitted in support of Plaintiff's application; the opposition papers (if any); arguments of counsel (if any); and for good cause appearing;

      **IT IS ON THIS 16 DAY OF April 2025, ORDERED** as follows:

      1.    Plaintiff application for a Partition By Sale and Summary Judgment is hereby **GRANTED**; and it is

      2.    **FURTHER ORDERED** that Defendant is hereby preliminarily compelled, enjoined and restraining as follows:

      (a)    Defendant is hereby compelled to consent to the sale of the property jointly owned by the parties located at 267 Alameda Drive, Brick, New Jersey 08723 (the

"Property") to a bone fide third-party purchaser pursuant to the conditions set forth below:

(b)   Plaintiff shall determine the realtor and attorney to facilitate the sale;

(c)   Plaintiff shall determine the listing price of the property;

(d)   Plaintiff shall have the right to execute a contract of sale for 267 Alameda Drive, Brick, New Jersey 08723, so long as the contract price is established at a minimum value of ninety percent of the listing price for the property;

(e)   The defendant Roy D. Curiel shall retain a right of first refusal to purchase the property provided the defendant exercises his right of first refusal by notifying the plaintiff, and the listing realtor within forty-eight hours of his receipt of the contract of sale or within five days of the date of the contract of sale, which ever date is later;

(f)   Said notice of the contract of sale shall be provided to the defendant via email at an address which shall be provided to Thomas J. Palma, Esq. within five days of this Order;

(g)   Said notice the defendant's election to exercise his right of first refusal shall be provided to both Thomas J. Palma, Esq., and the listing realtor by email;

(h)   Should the defendant elect to purchase the property under a right of first refusal, Roy D. Curiel shall post the full cash amount of the contract of sale in the escrow account of Curcio Law LLC within ten (10) days of the defendant's election to exercise his right of first refusal.

(i)   Should the defendant exercise his right of first refusal and fail to comply with his obligation to post the full cash amount of the sale price on the contract of sale to the third party the defendant Roy D. Curiel shall be declared in default of his right of first refusal and the property may be sold to the third party under contract without delay.

(j)   All purchase monies for 267 Alameda Drive, Brick, New Jersey 08723 deposited in the escrow account of Curcio Law LLC shall remain until further Order of this Court.

2

3.     **FURTHER ORDERED** that this Order shall serve as Notice that Plaintiff demands any tax foreclosure in connection with the Property (if any) shall proceed by way of a judicial sale consistent with the July 10, 2024 amendments to the Tax Sale Law, N.J.R.S. 54:5-1 *et seq*, the In Rem Tax Foreclosure Rules of Court, <u>R.</u> 4:64-7, and it is

4.     **FURTHER ORDERED** that Defendant and Plaintiff shall serve this Order on the Properties' Tax Sale Certificate Holder within five (5) days of the entry of this Order.

xOpposed

_____    *Craig L. Wellerson*
          Craig L. Wellerson, P.J. Ch.

# EXHIBIT 6

UNITED STATES BANKRUPTCY COURT
District of New Jersey

Albert Russo
PO Box 4853
Trenton, NJ 08650
(609) 587-6888
Standing Chapter 13 Trustee

In re:

Roy D Curiel

Debtor(s)

Order Filed on October 5, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 23-11975 / CMG

Chapter: 13

Hearing Date: 10/04/2023

Judge: Christine M. Gravelle

# CHAPTER 13 STANDING TRUSTEE PRE-CONFIRMATION ORDER OF DISMISSAL

The relief set forth on the following page is **ORDERED**.

**DATED: October 5, 2023**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

*rev. 5/8/17*

The Court having determined that dismissal of this case is appropriate, it is hereby

ORDERED that the debtor's case is dismissed for:

- failure to file a feasible plan, income and/or budget statement
- lack of prosecution
- failure to resolve Trustee and/or creditor objection

and it is further

ORDERED that:

Pursuant to 11 U.S.C. § 349(b), this court for cause retains jurisdiction over any application filed within 14 days of the date of this order by any administrative claimant for funds on hand with the Chapter 13 Standing Trustee.

Any funds held by the Chapter 13 Standing Trustee from payments made on account of the debtor's plan shall be disbursed to the debtor, less any applicable trustee fees and commissions, payments ordered for attorney fees, or any adequate protection payments due under the proposed plan, or by Court order.

Any *Order to Employer to Pay the Chapter 13 Trustee* that has been entered in this case is vacated, and the employer is ordered to cease wage withholding immediately.

All outstanding fees due to the Court are due and owing and must be paid within 7 days of the date of this order.

*rev. 5/8/17*

Form 148 – ntcdsmcs

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
402 East State Street
Trenton, NJ 08608

Case No.:  23−11975−CMG
Chapter:  13
Judge:  Christine M. Gravelle

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   Roy D Curiel
   411 Philadelphia Avenue
   Point Pleasant Beach, NJ 08742

Social Security No.:
   xxx−xx−9997

Employer's Tax I.D. No.:

## NOTICE OF ORDER DISMISSING CASE

   NOTICE IS HEREBY GIVEN that an Order Dismissing the above captioned Case was entered on 10/5/23.

   Any discharge which was granted in this case is vacated. All outstanding fees to the Court incurred by the dismissed debtor(s) are due and owing and must be paid within seven (7) days from the date of this Order.

   This dismissal may mean that the debtor is ineligible to file another bankruptcy petition for 180 days under 11 U.S.C. § 109(g).

Dated: October 5, 2023
JAN: rms

Jeanne Naughton
Clerk